Matthew J. Jasen, J.
Defendant moves to vacate the alleged service of the summons in this action, upon the ground that service was not made in accordance with CPLR, 311 (subd. 1).
It appears that the accident out of which this cause of action arose, occurred on November 27, 1963. After negotiations between the parties to effect a settlement were unavailing, plaintiff instituted this action.
On November 26, 1966, an attorney went to the premises of the defendant for the purpose of effecting service of a summons on said corporation. Upon entering the showroom, he “ asked one of the salesmen, who the owner of the business was and if he was present ”, whereupon, “ he was informed that the owner was not -on the premises ”. He “ then asked if the managing agent was present and was informed that Kenneth Broeker was the manager and was directed to him.”
He then went into Mr. Broeker’s office, which was separated from the showroom by an enclosure, and asked if he was the manager. Mr. Broeker replied that he was, at which time a copy of the summons in this action was served on him. After service of said -summons, the attorney asked him to spell his name, which he did.
Defendant admits that Mr. Broeker was office manager of the corporation and served with a summons on the date stated, but contends that he was not a proper person to be served under CPLB 311 (subd. 1), since he was not an officer, director, managing or general agent or cashier or assistant cashier of the corporation.
It is the opinion of the court that CPLR 311 (subd. 1) dealing with the service of process upon a domestic corporation should be liberally construed. This statute specifically provides for service upon a managing agent and its language may well be construed to apply to one so acting at the time of service.
Here, the process server asked for the managing agent and was directed to the office manager Mr. Broeker. The office *383 manager held himself out to be a person of responsibility and accepted service of the summons in this action. He did not object to receiving the summons and did not inform the process server that he was unauthorized to accept same.
Upon the facts and circumstances presented, this court holds that the office manager, holding himself out as a person of responsibility, should be regarded as having acted in the capacity of managing agent at the time of service. (Tauza v. Susquehanna Coal Co., 220 N. Y. 259; Green v. Morningside Hgts. Housing Corp., 13 Misc 2d 124, affd. 7 A D 2d 708.)
Accordingly, the motion to vacate the service of the summons in this action should be denied.