**Robert C. MERCKENS,
Plaintiff-Appellant,**

v.

**F. I. DuPONT, GLORE FORGAN & CO. a/k/a DuPont Walston Inc.,
Defendant-Appellee.**

**No. 726, Docket 74–2663.**

United States Court of Appeals, Second Circuit.

Argued March 26, 1975.

Decided April 11, 1975.

Robert C. Merckens, pro se.

Neal Schwarzfeld, New York City (Weil, Gotshal & Manges, New York City), for defendant-appellee.

Before MULLIGAN and TIMBERS, Circuit Judges, and THOMSEN, District Judge.*

PER CURIAM:

The action below was brought by the plaintiff *pro se* against the named defendant, F. I. DuPont, Glore Forgan & Co. The defendant's answer raised as affirmative defenses the statute of limitations and lack of personal jurisdiction. The court below construed the complaint to charge a violation of Regulation T, 12 C.F.R. § 220.4(c), promulgated pursuant to section 7(c) of the Securities Exchange Act of 1934, 15 U.S.C. § 78g. Looking to the law of the forum state, New York, the court below applied the three year statute of limitations provided by N.Y. C.P.L.R. § 214(2) and accordingly granted defendant's motion for summary judgment pursuant to Fed.R. Civ.P. 56. On this appeal, plaintiff takes the position that his complaint alleged that the defendant had committed a fraud upon him which would make a six year statute of limitations properly applicable. See Sargent v. Genesco, Inc., 492 F.2d 750, 758 (5th Cir. 1974); Klein v. Auchincloss, Parker & Redpath, 436 F.2d 339, 341 (2 Cir. 1971); N.Y. C.P.L.R. § 213.

We do not reach the question of the nature of the offense charged in the complaint, although we do note that a complaint drafted by a *pro se* litigant must be liberally construed in view of his lack of professional sophistication. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*per curiam*). The defendant's alternative

* Of the District of Maryland, sitting by designation.

ground for the motion for summary judgment was that in personam jurisdiction is lacking. It is undisputed that service here was made upon an employee in the legal department of duPont Glore Forgan Inc., a Delaware corporation, and not upon the New York limited partnership which is the named defendant. The record amply demonstrates that the two are distinct entities. See Brockman v. duPont Glore Forgan Inc., Civil No. 72–1916 (C.D.Cal. April 12, 1973); Baldwin v. duPont Glore Forgan Inc., Civil No. 72–1921 (C.D.Cal. April 12, 1973).

We therefore affirm the grant of summary judgment in defendant's favor on the jurisdictional ground. This permits the plaintiff to frame a more explicit complaint and to make appropriate service if he so desires.