**Saeed U. DIN, Plaintiff,**

v.

**LONG ISLAND LIGHTING COMPANY, Defendant.**

**No. 78 C 906.**

United States District Court, E. D. New York.

Jan. 3, 1979.

---

Solotoff & Spivak, Great Neck, N. Y., for
plaintiff, by Joel Spivak, Great Neck, N. Y.

Edward M. Barrett, Mineola, N. Y., for defendant, by Francis J. McDonough, Garden City, N. Y.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff initiated this action *pro se* pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g). He alleges that the defendant Long Island Lighting Company ("LILCO") has discriminated against him on the basis of his national origin, which is Pakistanian, in its refusal to hire him as an engineer. Plaintiff is now represented by counsel appearing *pro bono* to oppose the motion for summary judgment pursuant to Rules 12(b) and 56, F.R. Civ.P., now before the court.

In May 1974, a vacancy occurred in LILCO's Electric Production Department for an assistant electrical engineer. On June 10, 1974, LILCO notified the New York State Department of Labor Job Bank that an opening was available, and on June 24, 1974, an applicant was offered the job and filled the vacancy.

In response to the notice of vacancy posted at the job bank, plaintiff claims he made several attempts to obtain an interview and was refused. Finally, on July 24, 1974, plaintiff appeared at LILCO's employment office, filed an application for employment and persisted—and prevailed—in obtaining an interview. He was told by the interviewer, however, that the position had been filled one month earlier but that his application would be kept on file for a one-year period according to LILCO's policy.

Plaintiff claims that since this interview and during the period in which his application was on file, LILCO had at least 44 vacancies in engineering, most, if not all of which, he claims he was qualified to fill.[1] On April 10, 1975, less than nine months after his interview, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and on May 14, 1975, he filed a similar complaint with the State Division on Human Rights ("SDHR"). On July 11, 1975, the SDHR issued a no probable cause determination and on April 26, 1978, the EEOC dismissed the complaint and issued a right to sue letter. This action followed.

Defendant moves for summary judgment on grounds that (1) service of process was insufficient; (2) plaintiff's EEOC and SDHR charges were untimely; (3) the EEOC failed to defer its investigation to the SDHR; and (4) plaintiff has failed to state a claim upon which relief can be granted or his claim should be dismissed for failure to exhaust administrative remedies. For the following reasons, defendant's motion is denied.

■ *Service of process was sufficient.* On May 9, 1978, a federal marshal made service upon the office manager of LILCO's District Office in Hicksville. Defendant contends that service upon the office manager was not proper under Rule 4(d)(3), F.R. Civ.P., and *Merckens v. F. I. DuPont, Glore Forgan & Co.*, 514 F.2d 20 (2 Cir. 1975).

First, service upon one who describes his own status as manager of a branch office is proper under CPLR § 311, *Doris Trading Corp. v. SS Union Enterprise*, 406 F.Supp. 1093, 1097 (S.D.N.Y.1976), and thus is proper under the Federal Rules applicable here, Rule 4(d)(7). This is so even where the manager served is merely acting managing agent. *Buckner v. D & E Motors, Inc.*, 53 Misc.2d 382, 278 N.Y.S.2d 932 (Sup.Ct. Spec. T. Erie County 1967); *Collini v. Turner Const. Co.*, 129 N.Y.S.2d 485 (Sup.Ct. Spec. T. Kings County 1954); *Green v. Morningside Heights Housing Corp.*, 13 Misc.2d 124, 177 N.Y.S.2d 760 (Sup.Ct. Spec. T. New York County), *aff'd*, 7 A.D.2d 708, 180 N.Y. S.2d 104 (App.Div. 1st Dept.1958). Here there is no serious dispute that the Acting District Manager, upon whom service was made, was in a position of responsibility involving the exercise of judgment and discretion, and was of a stature to accept responsibility for the summons and to act to give notice to the corporation. See *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp.

---

1. These specific factual allegations are contained in plaintiff's affidavits and in his memorandum of law submitted in opposition to this motion. Defendant suggests that the allegations are not properly before the court. See discussion *infra*.

1237, 1250–51 (S.D.N.Y.1977). Second, *Merckens, supra,* is distinguishable. Plaintiff there served a Delaware corporation rather than the proper defendant, a New York partnership. The entities were unquestionably distinct, unlike the instant case. Finally, were there a serious question of notice to the corporation and consequently of personal jurisdiction over the defendant, the court would merely direct reservice on an appropriate person. Since this additional expense (on the Federal Government) is unwarranted in the circumstances, we simply hold that this court has personal jurisdiction over LILCO.

*Plaintiff's EEOC and SDHR complaints were timely.* Defendant argues that the facts establish that the EEOC complaint was not filed within 300 days of the alleged discriminatory act, the time permitted where, as here, there is a local agency (the SDHR) to which the EEOC must defer before acting on a complaint. 42 U.S.C. § 2000e–5(e). See *Weise v. Syracuse University,* 522 F.2d 397, 411–12 (2 Cir. 1975). Moreover, it is asserted that even if the EEOC charge was timely, plaintiff's SDHR charge was not filed within 180 days of the alleged act, the time allowed where there is no local agency. For these reasons, defendant contends this court is without jurisdiction and finds support for its position in *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8 Cir. 1975).

A timely filed EEOC complaint is, of course, a prerequisite to this action. See *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798–99, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Keyse v. California Oil Corp. & American Overseas Petroleum Ltd.,* 590 F.2d 45, (2 Cir. 1978); *Weise v. Syracuse, supra* at 411–12. Plaintiff's charge filed with the EEOC alleged that the discriminatory act occurred "on or about June 1, 1974." From this, defendant contends that the EEOC filing must have been made before March 28, 1975 and thus plaintiff's filing on April 10, 1975 was untimely. The court concludes, however, that plaintiff's

uncounselled and non-specific pleadings in the EEOC cannot be used to bind and bar him where the facts disclose the basis for a timely filed claim. It is clear from the undisputed facts that plaintiff was interviewed for a job on July 24, 1974 (Fernandez Affidavit at 3) and *thereafter* was refused employment. In fact, LILCO concedes plaintiff was unknown to it until this date (Defendant's Memorandum in Support of Motion at 8). Since this is the earliest date upon which any act of discrimination could have occurred, the EEOC filing was timely.

Moreover, the facts thus far presented indicate that defendant retained plaintiff's application for at least a nine-month period before the institution of EEOC charges which, in the view the court takes of this case, provides the basis in fact for an alleged failure to hire throughout that period. Although defendant contends that plaintiff never presented a claim of discrimination *after* the July 24, 1974 interview to the EEOC and is thus barred from presenting such a claim here, see discussion *infra,* the court believes that plaintiff has suggested a basis from which discriminatory practices might be established during that period sufficient to predicate a timely filing with the EEOC *after* March 28, 1975.

On the basis of the Eighth Circuit's decision in *Olson, supra,* defendant also raises plaintiff's failure to file a charge with the SDHR within 180 days as a jurisdictional bar to this action. In *Olson,* plaintiff filed a charge with the EEOC more than 180 days after the act of employment discrimination underlying the charge but within the 300-day period allowed for claimants in "deferral" states. The EEOC referred her charge to the Missouri Commission on Human Rights, which accepted it although it was not filed within 90 days of the discriminatory act as required by State statute. The Court of Appeals held that in these circumstances the claimant could not rely on the 300-day period because she had failed to file with the State Commission within 180 days, and thus her action was barred. 511 F.2d at 1233.

It is clear, however, that the concern of the court in *Olson* was in assuring that claimants in deferral states in which the State filing period was *less* than 180 days would not be penalized by the shorter period, perhaps depriving them of their federal remedy, and in encouraging utilization of State remedies. Thus, the court considered a filing within 180 days timely although the State period was 90 days. It noted that "a complainant in a deferral state will have *at least* 180 days in which to file with the state or local agency to receive the benefit of the deferral period . . . ." *Olson, supra* at 1232 (emphasis supplied). The court went on to state in dictum, however, that "a charge of employment discrimination must be filed within 180 days whether or not the complainant is in a deferral state." *Id.* at 1233.

■ In New York, complaints filed with the SDHR are controlled by the limitation set forth in New York Executive Law § 297(5), which provides a one-year filing period after the alleged discriminatory practice. Plaintiff has filed with the SDHR within the one-year period, and hence has filed a timely State complaint. Having complied with the State statute, plaintiff's filing of the EEOC complaint within 300 days was timely even though the filing with the SDHR was not within 180 days. See *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1329–30 (4 Cir. 1976); *Lo Re v. Chase Manhattan Corp.*, 431 F.Supp. 189, 196 (S.D.N.Y. 1977); *Kennedy v. New York Telephone Co.*, 18 FEP Cases 199, 201 (E.D.N.Y.1978). See also *Paxton v. Lavin-Charles of the Ritz, Inc.*, 434 F.Supp. 612 (S.D.N.Y.1977). We prefer to follow this growing body of precedent, supported by EEOC interpretation and practice, see *Doski, supra* at 1331–32; *Kennedy, supra* at 201 n. 5, rather than the dictum in *Olson*. This conclusion requires exhaustion of State remedies, see 29 C.F.R. § 1601.12; *Voutsis v. Union Carbide Corp.*, 452 F.2d 889, 892 (2 Cir. 1971), *cert.*

*denied*, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972); plaintiff cannot circumvent deferral or "bootstrap" into a longer period of limitations.[2] Defendant's argument that the New York employer is thus exposed to liability over a longer period and is hampered in its ability to investigate charges of discrimination is, whatever its merit, irrelevant where plaintiff has relied on the unequivocal language of the statutory provisions and has brought charges in a timely fashion thereunder.

■ *EEOC sufficiently deferred its investigation to the SDHR.* The EEOC regulations require that it defer acting upon a charge until termination of State or local proceedings or for a period of 60 days after the charge has been referred to a local agency, whichever occurs first. 29 C.F.R. § 1601. 12(c)(iii). Defendant contends that since plaintiff filed his charge with the SDHR on May 14, 1975, the EEOC notice of employment discrimination charge 56 days later, on July 9, 1975, failed to comply with its regulations, and plaintiff's action is therefore jurisdictionally defective. This argument is without merit.

First, plaintiff filed with the EEOC on April 10, 1975, before filing his SDHR complaint. Since the EEOC was required to refer the complaint promptly to the local agency and defer action until the termination of State or local proceedings or the lapse of 60 days from the referral, see 29 C.F.R. § 1601.12; *Voutsis, supra* at 892, the EEOC was entitled to issue its notice of charge approximately 60 days from April 10, 1975. This would have permitted EEOC action as early as June 10, 1975. Thus the notice of charge on July 9, 1975 indicates more than adequate deference to the SDHR. Moreover, assuming May 14, 1975 —the date of plaintiff's SDHR filing—to be the date from which the 60-day deferral period ran, the EEOC notice of charge was premature by a mere four days. The

---

**2.** A complainant still must file a charge with the EEOC within 300 days or 30 days from the State agency's determination, whichever is earlier, or be barred from bringing suit. 42 U.S.C. § 2000e–5(e). Thus, the effect of permitting a

State filing on the 300th day is to delay EEOC action for a maximum of 60 days, not to circumvent deferral or to permit a complainant to "bootstrap" to a longer period of limitations. The period of limitations remains unchanged.

SDHR issued its final determination on July 11, 1975 (Plaintiff's Memorandum in Opposition at 11), indicating that its investigation was concluded at approximately the time the EEOC issued its notice of charge. The EEOC, for its part, did not conclude its investigation until April 1978, almost three years later. In these circumstances, it is clear that the EEOC sufficiently deferred to the State agency. Finally, we would not hold plaintiff accountable for procedural irregularities caused by the EEOC. See *Egelston v. State University College at Geneseo*, 535 F.2d 752, 754 (2 Cir. 1976); *Weise v. Syracuse, supra* at 412; *Voutsis, supra* at 892.

*Plaintiff has stated a claim.* A prima facie claim of employment discrimination is made out if plaintiff shows:

"(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."

*McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). See also *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). Defendant claims that it is entitled to summary judgment because plaintiff has failed to satisfy the second and fourth elements of the prima facie case. This argument is based on the premise that the alleged discriminatory act occurred on July 24, 1974, when plaintiff was granted an interview and was refused employment. Since LILCO had in fact filled the vacancy

for which plaintiff initially applied approximately one month earlier, it asserts plaintiff cannot make out a claim of employment discrimination.[3]

This view, however, is entirely too myopic. As mentioned above, it is conceded that LILCO kept plaintiff's application on file for at least nine months prior to his EEOC complaint, and plaintiff's complaint specifically alleges he was not hired for different openings arising after the initial interview, while others less qualified were hired. In these circumstances, plaintiff's complaint must be viewed broadly as alleging a failure to hire during the period in which his application was on file. While it is true that the EEOC charge alleges only a failure to hire on or about June 1, 1974, the complaint must be liberally construed to effect the remedial purpose of the subchapter, especially where plaintiff is prosecuting his charge *pro se*. See, e. g., *Walters v. Heublein, Inc.*, 547 F.2d 466, 468 (9 Cir. 1976), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977); *Windsor v. Bethesda General Hospital*, 523 F.2d 891, 893 (8 Cir. 1975); *EEOC v. Western Publishing Co., Inc.*, 502 F.2d 599, 602–03 (8 Cir. 1974). Liberally interpreted, the complaint alleges a failure to hire without limitation to the July 24, 1974 refusal and therefore states a claim upon which relief can be granted.[4]

The court is aware of a recent decision in this circuit dismissing a Title VII action for plaintiff's failure to state any facts upon which a court could find a violation of the Civil Rights Act, *Martin v. New York State Department of Mental Hygiene*, 588 F.2d 371 (2 Cir. 1978), but finds that, here, plaintiff has pleaded sufficient factual allegations to assure the court that the claim has

---

**3.** Defendant has not suggested that it did not seek applicants for engineering positions after July 24, 1974 while plaintiff's application was on file.

**4.** Plaintiff alleges that he belongs to an ethnic minority, has applied and was qualified for a job for which LILCO was seeking applicants, was rejected despite his qualifications, and LILCO continued to seek applicants with plaintiff's qualifications (Plaintiff's Memorandum at 14).

The court must also note that plaintiff originally used a form prescribed for use in this courthouse for *pro se* complaints pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. Plaintiff has completed the form as directed. Hence, it would be improvident, in all but the most extreme circumstances and in the case of a most palpably deficient complaint, for the court to dismiss the complaint before answer on the basis of a court-prescribed complaint form.

some basis in fact. See *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 973 (E.D.Pa.1977). Allegations that defendant considers new or additional do no more than define the contours of the claim. If defendant feels at this point that it is not sufficiently informed of the nature and extent of the charges against it, its remedy is a motion for a more definite statement under Rule 12(e), F.R.Civ.P., not a motion to dismiss, *Flesch, supra* at 974, or in this instance a motion for summary judgment.

■ Finally, we do not find merit in defendant's last argument that plaintiff is now seeking to amend his complaint to assert a second cause of action for discrimination *after* LILCO's alleged failure to hire on July 24, 1974, which should be stricken because it was never presented for administrative action and thus has not been "exhausted." The defendant's theory is that the EEOC never investigated charges of discrimination subsequent to July 24, 1974 and that the scope of plaintiff's civil action should be no greater than that of the EEOC investigation.

This argument has been consistently rejected, and the courts have held that jurisdiction may be exercised over all claims fairly encompassed by the EEOC charges and matters defined by the scope of the EEOC investigation "which can reasonably be expected to grow out of the charge of discrimination." See *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5 Cir. 1970); *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 965–66 (3 Cir. 1978); *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164, 167–68 (7 Cir.) (*en banc*), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976); *Gamble v. Birmingham Railway*

*Co.*, 514 F.2d 678, 687–88 (5 Cir. 1975).[5] Here, the EEOC was on notice of a complaint which, in light of LILCO's practice of keeping applications on file, reasonably could be expected to encompass claims based on failure to hire throughout the period and thus should have been the subject of EEOC investigation. We do not limit plaintiff's civil suit to charges that the EEOC in fact investigated,[6] since to do so might penalize plaintiff for an unduly narrow or improper EEOC investigation. See *Hicks, supra* at 966. The discrimination charged in the civil action is also of the same type and character as that originally charged in the EEOC proceeding. See *Gamble, supra* at 687–89; *Flesch, supra* at 970.

Moreover, defendant has shown no prejudice, assuming the scope of this action is expanded from that of the EEOC investigation, except that borne by every defendant when faced after discovery with additional allegations to rebut. The court also sees little to be gained by forcing plaintiff to present the "additional" factual allegations to the EEOC. Even in instances in which truly discrete claims have not been pressed before the EEOC, courts have been reluctant to erect needless procedural barriers and to impose substantial burdens on the litigants at the expense of judicial economy. See *Gamble, supra* at 689 and n. 6. We agree.

Needless to say, the court intimates no view on the merits of plaintiff's claim, which is subject to proof at trial. We conclude that there remain triable issues of fact which preclude a grant of summary judgment in the circumstances.

As stated by the Court of Appeals for this circuit:

> ested in *any* engineering vacancies occurring thereafter.
>
> We see no reason to limit *Sanchez* and the multitude of cases applying its rationale on this ground. See *Flesch v. Eastern Pennsylvania Psychiatric Institute, supra,* applying *Sanchez* to a doctor, a medical research scientist.

---

**5.** Defendant seeks to distinguish *Sanchez* on the ground that it involved non-professional occupations. It argues that it would be inappropriate to extend its rationale to professional positions since each such position requires careful selection of a properly qualified applicant for a specialized vacancy. Its theory is that plaintiff is bound by his choice of the June 1974 vacancy in electric production engineering and therefore cannot assert that he was inter-

**6.** Moreover, it is impossible to determine on the basis of documentation presented on this motion what the EEOC did or did not investigate.

"[S]ummary judgment must be used sparingly 'since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury.' Dismissal of a complaint—before any discovery has taken place or an answer filed—is even more drastic. It is a device that must not be employed unless, taking as true the allegations pleaded, *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)."

*Egelston v. State University College at Genesco, supra* at 754.

This teaching is applicable here and suggests that the better course in this action is to have defendant answer plaintiff's complaint and to proceed with discovery on the remaining issues so that the action might proceed promptly to final disposition.[7]

Accordingly, defendant's motion for summary judgment is denied.

SO ORDERED.

---

[7.] We note in closing, although it has not been raised, that 42 U.S.C. § 1981 is independent of Title VII, and a cause of action may be asserted thereunder unimpeded by procedural barriers caused by Title VII and is in fact available regardless of whether Title VII administrative remedies have been exhausted. *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., supra* at 166; *Gresham v. Chambers*, 501 F.2d 687, 691 (2 Cir. 1974). Thus, it would appear possible in any event that § 1981 would provide the basis for relief sought under Title VII. See *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

Arnold J. Hoffman, and James A. Burnes, Wien, Lane & Malkin, Palm Beach, Fla. (Robert G. Desmond, Robert G. Smith and Robert Lee Hoskins III, New York City, of counsel), for plaintiffs.