Nazir KAHN, Plaintiff,

v.

**PEPSI COLA BOTTLING GROUP,**
Defendant.

No. 81 C 1998.

United States District Court,
E. D. New York.

Dec. 2, 1981.

Schoer & Sileo, Forest Hills, N. Y. (Gary Schoer, Forest Hills, N. Y., of counsel), for plaintiff.

Seyfarth, Shaw, Fairweather & Geraldson, New York City (Reginald E. Jones and Richard E. Lieberman, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Nazir Kahn brought this action for employment discrimination against the Pepsi Cola Bottling Group (Pepsi Cola), his employer from August 20, 1979 until September 7, 1979. Kahn, who is 56 years old and a native of Trinidad, alleges that Pepsi Cola discriminated against him because of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., and because of his national origin and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Defendant moves to dismiss Count 2, the Title VII claim, on the grounds that plaintiff did not file a Title VII charge with the Equal Employment Opportunity Commission (EEOC) and did not obtain a right to sue letter from the EEOC. Alternatively defendant moves to dismiss the portion of Count 2 claiming race discrimination because plaintiff's EEOC charge, if any, did not allege discrimination on account of race.

On September 13, 1979 plaintiff filed a charge of discrimination with the New York State Division of Human Rights (State Division). Plaintiff alleged that he had been discriminated against in work assignments and ultimately fired by Pepsi Cola because of his age and national origin in violation of the New York State Human Rights Law. By checking a box on the bottom of the charge form, plaintiff indicated that he also charged Pepsi Cola with violating Title VII and authorized the State Division to accept his Title VII complaint on behalf of the EEOC.

Some time prior to March 3, 1980 the State Division sent a copy of plaintiff's charge to the EEOC, which assigned EEOC charge number 021–80–0666 to it. For a reason not apparent from the record, the EEOC subsequently established a second file for plaintiff under charge number 021–80–8141.

On March 3, 1980 the EEOC sent plaintiff a letter referenced to file number 021–80–8141, acknowledging receipt of an age discrimination charge and informing plaintiff that he could bring a suit under the ADEA. The correspondence did not show that the EEOC had two files for plaintiff. There is no indication that the EEOC took any action under charge number 021–80–0666, this file containing only a copy of the charge alleging age and national origin discrimination originally submitted by plaintiff to the State Division.

On March 18, 1981 and again on May 11, 1981 plaintiff's attorney wrote the EEOC requesting a right to sue letter. The attorney's letters were referenced to charge number 021–80–8141. Thereafter the attorney was told by the EEOC that plaintiff did not need a right to sue letter, and thus none would be issued.

Defendant contends that this court must dismiss the Title VII claim because plaintiff did not file a Title VII charge with the EEOC as required by Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e). The basis of defendant's contention is the EEOC's March 3, 1980 letter to plaintiff acknowledging receipt of a charge under the ADEA but not under Title VII.

This contention ignores the explicit charge of a Title VII violation made by plaintiff when he checked the box on the State Division's form. The State Division's referral of a copy of plaintiff's charge to the EEOC satisfied plaintiff's responsibility under Section 706(e) of Title VII to trigger EEOC investigation and conciliation procedures. The failure of the EEOC to probe the allegation of national origin discrimination does not alter this. See Smith v. American President Lines, Ltd., 571 F.2d 102, 107 n. 8 (2d Cir. 1978) (dictum); Din v. Long Island Lighting Co., 463 F.Supp. 654 (E.D.N.Y.1979).

■ Defendant further contends that even if a Title VII charge was filed with the EEOC on plaintiff's behalf, this court must dismiss Count 2 of his complaint because plaintiff did not receive a right to sue letter from the EEOC, and receipt of such a letter is a jurisdictional prerequisite to the maintenance of a Title VII lawsuit. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). However, the failure to receive a right to sue letter is not fatal when the plaintiff has requested one, and through no fault of his own the EEOC refuses to issue it. *E. g., National Organization for Women v. Sperry Rand Corp.*, 457 F.Supp. 1338 (D.Conn.1978). Khan will not be penalized because the EEOC misplaced his Title VII charge and thus, thinking Khan's claim was for age discrimination alone, refused to issue the right to sue letter requested by his attorney.

■ Finally defendant asserts that plaintiff's claim of race discrimination must be dismissed because the charge that he filed with the State Division alleged discrimination on account of age and national origin alone. The scope of a complaint in a Title VII suit is not limited solely by the charge but by the " 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " *Silver v. Mohasco Corp.*, 602 F.2d 1083, 1090 (2d Cir. 1979), *rev'd on other grounds*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), *quoting Smith v. American President Lines, Ltd.*, *supra.*

■ Had the EEOC looked into Khan's charge that he was fired because he was a native of Trinidad, its investigation is likely to have touched upon his race and might even have revealed that race was the basis of the discrimination, if any, against him. In addition, Khan's allegation in the complaint of race discrimination can be viewed as merely a refinement of the charge of national origin discrimination. Certainly it is not at all clear that the discrimination suffered by persons from particular countries, for example Trinidad, results from their national origin rather than the circumstance that they are usually not Caucasians. Thus Kahn may include a claim of race discrimination in his complaint. *Cf. Latino v. Rainbo Bakers, Inc.*, 358 F.Supp. 870 (D.Colo.1973) (where EEOC investigation disclosed discrimination because of sex, plaintiff's claim of sex discrimination was not barred because the charge she filed alleged only national origin discrimination).

Moreover, courts do not hold Title VII plaintiffs to procedural niceties in the filing of their charges because to do so "would be to shield illegal discrimination from the reach of the Act." *Egelston v. State University College at Geneseo*, 535 F.2d 752, 754 (2d Cir. 1976). To hold that Kahn may not include a claim of race discrimination in his complaint because he failed to check off the box on the administrative complaint form would needlessly penalize him for attaching the wrong legal conclusion to his charge when he is not an attorney, was probably at that time not fully aware of Pepsi Cola's motivation, and may not have comprehended the difference between race and national origin discrimination as applied to him. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970).

This result will not undermine the purpose of the charge filing requirement—the resolution of grievances through conciliation and voluntary compliance rather than by recourse to the courts. Since plaintiff's claim of race discrimination is within the scope of the investigation that might have ensued, he has not circumvented the statutory scheme.

Although the Court of Appeals for the Sixth Circuit arrived at a different result in *Equal Employment Opportunity Commission v. Bailey Co.*, 563 F.2d 439 (6th Cir. 1977), *cert. denied*, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978), its reasoning did not differ. That was an action for religious discrimination brought by the EEOC itself against Bailey after a charge of sex and race discrimination had been filed with it by a Bailey employee. The EEOC concluded from its investigation that the company was discriminating on reli-

gious grounds but not against the person who had filed the charge. Carefully limiting its holding to these facts, the Sixth Circuit found that the EEOC's claim of religious discrimination exceeded the scope of the investigation reasonably expected to grow out of that complainant's charge. The reasoning of the Court of Appeals for the Ninth Circuit is not persuasive to the extent that it has suggested a broader rule in *Shah v. Mt. Zion Hospital & Medical Center*, 642 F.2d 268 (9th Cir. 1981), holding that a district court lacked subject matter jurisdiction over claims of race, color and religious discrimination where the charge filed with the EEOC alleged only sex and national origin discrimination.

Defendant's motion to dismiss is denied in all respects. So ordered.