■ In the Matter of BART-RICH ENTERPRISES, INC., Respondent, v BOYCE-CANANDAIGUA, INC., Appellant. [778 NYS2d 818]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered July 17, 2003. The order granted the petition, determining that petitioner validly exercised its option to renew a ground lease.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: This is a proceeding commenced for declaratory and injunctive relief. We convert the proceeding to an action for declaratory judgment (*see* CPLR 3001), and we deem the order to show cause to be a summons and the petition to be a complaint (*see* 103 [c]; *Fragoso v Romano*, 268 AD2d 457 [2000]).

Petitioner (hereinafter plaintiff) commenced this action seeking to invoke Supreme Court's equitable power to excuse noncompliance with an option clause in a sublease agreement

(*see J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392 [1977]). Respondent (hereinafter defendant) moved to dismiss the complaint for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]), contending that its office manager was not authorized to accept service on its behalf (*see* CPLR 311 [a] [1]). We conclude that the court "improperly resolved the issue of service of process on the basis of conflicting affidavits when a traverse hearing was required" (*Ananda Capital Partners v Stav Elec. Sys.* [1994], 301 AD2d 430, 430 [2003]). There is an issue of fact whether the office manager represented that she possessed the authority to accept service and whether the process servers relied upon that representation to make service (*see Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 272-274 [1980]; *Buckner v D & E Motors*, 53 Misc 2d 382, 382-383 [1967]).

Additionally, we agree with defendant that the court erred in granting declaratory and injunctive relief without a trial (*see generally Gazza v United Cal. Bank Intl.*, 88 AD2d 968, 969 [1982]). There is an issue of fact whether plaintiff ever provided written notice of its election to exercise the renewal option in the sublease. A tenant who never provides written notice and does not allege that the landlord waived that requirement is not entitled to equitable relief (*see McVey v Simone*, 73 AD2d 959, 960 [1980]). "[N]othing in *J.N.A.* [*Realty Corp.*, 42 NY2d 392 (1977)] suggests that equity may reach out to find that a party has substantially complied with the terms of an option clause when he has not, or to rewrite the clause to suit one of the parties . . . Substantial noncompliance with the terms of an option clause cannot be rewarded by a judicial forgiveness that redounds to the detriment of the other party to the contract" (*id.*).

We therefore reverse the order and remit the matter to Supreme Court for a traverse hearing and, if necessary, a trial. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.