In the Matter of RUTH MacLEOD, Appellant, *v.* MAXWELL SHAPIRO, as a Judge of the Civil Court of the City of New York, County of New York, Respondent, ANGELE WYNEN, Intervenor-Respondent.

First Department, March 5, 1964.

*Lewis M. Isaacs, Jr.* of counsel (*R. E. Burdick* with him on the brief; *M. S. & I. S. Isaacs,* attorneys), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Philip Weinberg* of counsel; *Irving Galt* with him on the brief), for Maxwell Shapiro, respondent.

*George Popkin* for intervenor-respondent.

*Per Curiam.* This is an appeal from a final order dismissing the petition in an article 78 proceeding. Petitioner sought an order directing transfer of the proceedings to the Appellate Division and thereafter an order determining, *inter alia,* that respondent failed to perform a duty enjoined upon him by law, and a direction that he proceed to vacate a stay granted in summary proceedings.

Petitioner landlord was granted a certificate of eviction for certain premises on or about March 29, 1963, by the City Rent and Rehabilitation Administrator for the City of New York (Administrator). Thereafter intervenor-respondent-respondent (tenant) commenced an article 78 proceeding in the Supreme Court to review and set aside said order. By order of Mr. Justice GELLINOFF entered June 20, 1963, the Administrator's order upon which the certificate was issued was upheld and the proceeding dismissed. An appeal was taken by tenant but not prosecuted. On or about June 25, 1963 petitioner commenced a summary proceeding in Civil Court for the removal of the tenant. On the return day, July 3, 1963, tenant applied for and was granted an adjournment to September 11, 1963. While the matter was pending, tenant's attorney, by letter dated August 30, 1963, sought an investigation by Administrator to determine if the certificate should be revoked. By letter dated September 9, 1963 Administrator, by its director, determined '' there is no basis for the reopening of the * * *

proceeding &ast; &ast; &ast; and the Certificate of Eviction &ast; &ast; &ast; remains in full force and effect.'' It should be noted that in Administrator's Opinion 63 it is provided, '' [u]pon remission by the court the Commissioner will reopen the matter.'' There was no remission by Judge GELLINOFF for the proceeding was dismissed. Opinion 63 provides further that the commission, where no court proceedings have been instituted, has power to determine if the certificate should be revoked where certain facts exist. The rejection by the Administrator was equivalent to a finding that the necessary facts and circumstances were either nonexistent or not sufficiently shown to warrant the exercise of the power to review.

It was in this posture that the case came on for trial before respondent-respondent (respondent). Testimony was taken, tenant resting upon the petitioner's case, whereupon respondent reserved decision after refusing a request by petitioner to refer to the Rent Commission records if respondent deemed them relevant. Thereafter, by order dated September 18, 1963, respondent concluded '' that the matter should be resubmitted to the rent board for further consideration. The action is stayed pending final disposition of the rent board. See *Spotless Stores* v. *Smith.*'' No other or further reason was stated nor were any terms imposed.

The court had no jurisdiction to order what was in effect a remand of the proceeding to the Rent Administrator during the trial of a summary proceeding. We regard his action as a stay of further disposition of the summary proceeding before him.

Tenant sought a further review by the Administrator and after an informal hearing, in which tenant participated fully, the record indicating further interrogation of landlord by tenant's counsel, Administrator addressed a letter to respondent under date of October 31, 1963 in which Administrator asserted: '' I have concluded there is no warrant in law for the reopening of the proceedings in this Administration. The tenant has completely failed to establish that the landlord will not take possession of and reside in the subject accommodations.'' A copy of such letter was forwarded to counsel for the interested parties.

No further action was taken thereon by tenant, but petitioner's request of respondent, by letter dated November 6, 1963, to vacate the stay was unavailing, and the stay remains in effect. Apparently respondent did not consider the letter a sufficient final determination although it was the third affirm-

ation of Administrator's position upholding petitioner's right to the certificate of eviction. A search of the rules and regulations fails to support what apparently is respondent's view that a particular and special form is required. Under these circumstances the letter was clearly sufficient and should have been acted upon. Respondent created a distinction without a difference when respondent exalted form over substance by nonrecognition of the force and effect of Administrator's letter.

When petitioner was unable to obtain relief from respondent it instituted this article 78 proceeding. While an article 78 proceeding is designed to afford relief previously obtained by writs of certiorari to review, mandamus, or prohibition, it is specifically provided '' Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination: 1. which is not final or can be adequately reviewed by appeal to a court or to some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed; or 2. which was made in a civil action ''. (CPLR 7801.)

Section 212 of the New York City Civil Court Act provides '' In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings.'' While section 2201 of the Civil Practice Law and Rules (dealing with the powers of the Supreme Court) states '' Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings *in a proper case, upon such terms as may be just.*'' (Emphasis supplied.)

Despite the fact that no terms were imposed and despite the further fact that a Supreme Court Justice had dismissed tenant's petition in the article 78 proceeding, and that Administrator had reaffirmed its finding that petitioner was entitled to a certificate of eviction, we are forced to conclude respondent had the power to issue a stay (CCA, § 212; CPLR 2201). However, it is equally clear respondent should not have closed his eyes to the evidence sought to be adduced as to action taken by the Administrator nor should respondent have ignored the action taken by Mr. Justice GELLINOFF.

Since the failure or refusal of respondent to act affected a substantial right of petitioner and involved some part of the

428

merits, petitioner could and should have appealed to the Appellate Term (CCA, § 1702) established, *inter alia,* for that purpose (CCA, § 1701; CPLR 5501, subd. [d]; 5703, subd. [a]; Rules of the Supreme Court, Appellate Term, 1st Dept., rule 1). Since the action or inaction of respondent could have been adequately reviewed by appeal, and further the order was made in a civil action, an article 78 proceeding will not be entertained (CPLR 7801).

In the Civil Court a judgment is to be rendered within 30 days, after submission, as is a motion, unless the parties consented to an extension of further time (CCA, § 1304). It has been held that a stay may be granted in summary proceedings for a " reasonable time " (*Spotless Stores* v. *Smith,* 279 App. Div. 26). From September 18, 1963 to and including February 19, 1964 is not a reasonable time. Stays granted should not be for an eternity. Judicial power should not be so abused. We suggest respondent vacate the stay and dispose of this matter expeditiously. If that is not done, petitioner should seek prompt relief in the channels and along the lines heretofore indicated.

Accordingly, the order appealed from should be affirmed, without costs to either party.

BOTEIN, P. J., RABIN, McNALLY, STEVENS and EAGER, JJ., concur.

Order, entered on December 18, 1963, unanimously affirmed, without costs.