OPINION OF THE COURT

Per Curiam.

Final judgment of possession entered September 17, 1980, after trial (Fingerhood, J.), is modified to the extent that issuance and execution of the warrant of eviction is stayed only until March 17, 1981, a period of six months from the date of trial, and, as so modified, is affirmed, with $25 costs to the landlord.
The sole issue presented by this appeal is the reasonableness of the stay of issuance of the warrant that was granted to the two commercial tenants. That stay was for an indeterminate time to extend until the “potential expiration” of the last stay granted to the last residential *194 tenant in the building. The record indicates that there were 12 residential tenants still in the building at the time of trial, September 17, 1980. The record further indicates that “[t]he owner has the plans filed and approved and has commitments for the construction of an apartment house on this site”.
RPAPL 753 (subd 1) provides for a stay “for a period of not more than six months” of the issuance of a warrant where a tenant holds over in premises occupied for “dwelling purposes” (emphasis supplied) where certain facts appear (no other suitable premises available, extreme hardship, due and reasonable efforts to secure other premises). RPAPL 753 (subd 3), however, indicated that the section is not operative in certain cases, as follows: “The provisions of this section shall not apply to a proceeding where the petitioner shows to the satisfaction of the court that he desires in good faith to recover the premises for the purpose of demolishing same with the intention of constructing a new building, plans for which new building shall have been duly filed and approved by the proper authority”.
The landlord argues that only a residential tenant may have a stay and that a commercial tenant is not entitled to any stay even considering CPLR 2201 (“Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just”) and section 212 of the New York City Civil Court Act (“In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings”).
This contention is without foundation. This court has recently held (Masovi Corp. v Wagner’s Tri-Boro Rest., NYLJ, Oct. 27, 1980, p 7, col 1) that “where commercial tenancies are involved the Civil Court may stay the issuance of a warrant of eviction under circumstances of hardship”, citing at length the cogent analysis contained in Matter of Pepsi-Cola Metropolitan Bottling Co. v Miller (50 Misc 2d 40, 42-43). This court noted the anomaly that while RPAPL 753 (subd 3) might operate to prevent any stay in the case of a residential tenant (see Alban Realty Co. v Rich, 2 Misc 2d 1028 [App Term]), that section would *195 not apply to commercial tenants for whom a stay would not be “proscribed” under CPLR 2201 (see CPLR 2201, which, perhaps in error, uses the word “prescribed” and not “proscribed”).
The landlord further argues that the court abused its discretion in granting the indefinite stay that it did. In Masovi Corp. v Wagner’s Tri-Boro Rest. (supra), this court concluded that a six-month stay granted to a commercial tenant was excessive. It is not the landlord who must justify its need for re-entry but the tenant who must establish its need to remain in possession lest irreparable injury result.
Here the potential stay was far in excess of six months. If these commercial tenants were to be the last to go, or at least among the final survivors, their stay might effectively be extended indefinitely. “Stays granted should not be for an eternity” (Matter of MacLeod v Shapiro, 20 AD2d 424, 428). While it has been stated that “[t]he only limitation on a stay is the court’s own sense of discretion, prudence, and justice” (3 Rasch, New York Landlord and Tenant, Summary Proceedings [2d ed], § 1411, p 238), the exercise of discretion in this case was imprudent, unjust and, to borrow from another profession, contraindicated.
Concur: Hughes, J. P., Riccobono and Asch, JJ.