SHELDON H. SOLOW, Doing Business as SOLOVIEFF GALLERY Co., Petitioner, v KARL G. WELLNER et al., Respondents.

Civil Court of the City of New York, New York County, January 24, 1989

### APPEARANCES OF COUNSEL

*Finkelstein, Borah, Schwartz, Altschuler & Goldstein* and *Abrams, Lerner, Kisseloff, Kissin & Lapidus (Ray L. LeFlore* of counsel), for petitioner. *Levenson, Finder, Novick & Kerrigan (Robert J. Anderson* of counsel), for respondents.

### OPINION OF THE COURT

LOUIS B. YORK, J.

#### FACTS

This case involves the joint trial of approximately 70 tenants. The petitioner landlord is suing for nonpayment of rent between October 1987 through May 1988 and the respondent tenants counterclaim, *inter alia,* for breach of warranty of habitability. The supervising Judge by order dated September 30, 1988 assigned this case to the Trial Judge because of the apparent manipulation of the court system through "Judge

shopping". The first day of the joint trial began on December 5, 1988.

As each trial proceeds, the petitioner landlord refrains from amending his petition to include current rent and has served three-day demands for rent notices upon several tenants who have already testified. The new rent demands cover the period subsequent to May 1988. These rent demands are statutory in nature and must be made before beginning a summary proceeding. *(See,* RPAPL 711; 2 Rasch, New York Landlord & Tenant—Summary Proceedings § 32:13, at 512 [3d ed].) The failure of the landlord to amend must result in further proceedings against these tenants to cover the entire period where the landlord alleges that rent is due and owing.

The respondents move for an order directing petitioner to amend his petition to include current rent, for an order to join any future summary proceedings involving any respondent where the respondent has not yet testified in the current litigation, staying the trial, referring all future proceedings involving respondents to this court, reopening the trials of the tenants who have already testified to elicit testimony covering the entire period of alleged nonpayment of rent, and for sanctions against the petitioner.

On January 11, 1989 the court issued an order staying the petitioner landlord pending the final determination of this motion, "from bringing any additional summary proceedings or serving a prerequisite to such summary proceeding, such as a three day demand for rent, against any of the respondents in this matter."

The petitioner asserts that he did not receive adequate notice of the motion and the court cannot exercise jurisdiction. Whatever imperfection in notice that may have existed was cured by the additional five days given to the petitioner to respond. *(See, Goldman v McCord,* 120 Misc 2d 754 [Civ Ct, NY County 1983].)

In the typical landlord/tenant summary proceeding the landlord will request amendment of the dispossess petition on the day of trial to reflect the current rent allegedly due and owing. This amendment is a practical approach that benefits the landlord by permitting a money judgment to better reflect actual financial losses if petitioner is successful and permits the efficient use of the court's resources in trying a case once without retrying issues that easily could have been tried the first time. *(See,* CPLR 3025 [b]; Siegel, NY Prac § 237; 3 Rasch,

New York Landlord & Tenant—Summary Proceedings § 41:36, at 73 [3d ed].)

The order of the court staying any separate summary proceedings brought against respondent tenants pending the outcome of the joint trial in this matter did not occur in a vacuum. The joint trial in this case did not begin until after one year of pretrial motion practice and discovery, unusual to say the least.

On the first day of trial, delay was caused by an application of the landlord in Supreme Court to stay one of the cases which was being litigated. *(Solovieff v Friedman,* Civ Ct, index Nos. 51996/88, 78540/88.) The application was allegedly sought without notice to respondent tenants' counsel. After several hours of delay caused by the necessary appearance by counsel in Supreme Court this trial resumed. On that same day, virtually all 70 tenants were commanded to appear in court pursuant to subpoenas served upon them by petitioner. However, only those tenants actually scheduled for trial appeared in a courtroom that could not have possibly accommodated all 70 respondents. Further delay occurred until the court quashed the subpoenas.

To permit the petitioner landlord to serve statutory rent demands, a prerequisite to bringing summary proceedings, upon those tenants who have already testified in this matter and possibly upon those tenants who have not yet testified, would only result in further delays and confusion. This court does not believe it has to wait for the barn to burn down before it acts to put out the fire. Any further litigation involving tenants who have already testified will place respondents' counsel in the position of having to appear in another court to represent the same clients who have previously given testimony, or have the matter again referred to this court for further proceedings which could have taken place only once, thus delaying the present action.

### LEGAL ANALYSIS

The issue now before the court is whether or not it has both the discretion and authority to manage the litigation before it by staying any additional summary proceedings or prerequisites to such summary proceedings, such as a three-day demand for rent involving tenants who have already testified, pending the judgment in the matter now before the court. *(Cf., M&S Prop. Assocs. v Dournashkin,* NYLJ, Apr. 18, 1984, at 6,

col 1 [App Term, 1st Dept].) The court in the context of the history of this case believes that it has the authority and will exercise its discretion accordingly. *(See,* CCA 110 [a] [4].)

It is stated at CCA 212,

"Additional jurisdiction and powers

"In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings."

There is no doubt that the Civil Court has jurisdiction to hear summary proceedings in landlord/tenant matters under CCA 204 and 110 *et seq.* The CPLR general stay provision (CPLR 2201), pursuant to CCA 212, is applicable to the Civil Court. *(See, Matter of MacLeod v Shapiro,* 20 AD2d 424 [1st Dept 1964].)

The court in *Missionary Sisters of Sacred Heart v Meer* (131 AD2d 393, 396 [1st Dept 1987]) held that, "While the Civil Court is a court of limited jurisdiction and has only those equity powers specifically conferred upon it by statute, section 110 grants the Civil Court broad power in landlord-tenant proceedings, including the power to issue injunctions and restraining orders (CCA 110 [a] [4]) and employ 'any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards' (CCA 110 [c]). It is clear that the Legislature envisioned the Housing Part of the Civil Court to be the appropriate forum in which to enforce housing standards."

### CONCLUSION

This court does have the authority to stay all summary proceedings which will affect the litigation in the matter now before the court. *(See, Matter of MacLeod v Shapiro,* 20 AD2d 424, *supra; Missionary Sisters of Sacred Heart v Meer, supra.)*

After review of all the submissions of the parties, together with a review of the prior proceedings in this matter, the court finds there is a likelihood that actions taken by the petitioner by service of three-day demands for rent upon respondent tenants with possible additional subsequent summary proceedings against respondent tenants in this matter who have already had their respective cases heard before this court, may impair the effectiveness of the joint trial proceedings and further delay the joint trial of this matter: it is therefore,

Ordered, that petitioner is stayed from bringing any sepa-

rate summary proceedings against any tenant represented in this joint trial, or serving a prerequisite to such summary proceeding, such as a three-day demand for rent, until a final judgment is issued in this proceeding; it is further,

Ordered, that petitioner may amend his petitions for those trials not yet held to reflect alleged rent due and owing as of the date of trial provided such amendments are filed with the court on or before January 30, 1989.*

All other relief requested in respondent tenants' moving papers are denied at this time.

---

\* The order and decision expresses no opinion as to whether or not petitioner is barred by collateral estoppel, res judicata, or splitting of causes of actions, from litigating in the future nonpayment of rent proceedings that could have been litigated in this proceeding.