OPINION OF THE COURT
Joseph F. Lisa, J.
This matter arises out of a commercial nonpayment action. *986 Petitioner moved to strike the respondent’s affirmative defenses of improper service of the petition and notice of petition, no proper rent demand, and oral lease modification and waiver, and respondent’s counterclaim.
The matter was set down for a traverse hearing and final determination of the motion on April 13, 1993. On that date a traverse hearing was held and written and oral argument was submitted on the issues of improper service presented in petitioner’s motion.
At the traverse hearing the petitioner called one witness, the process server, Joseph Biscaglia, license number 848980. The respondent tenant did not call any witnesses.
The process server testified that he served the petition and notice of petition on a person who held himself out as a person of responsibility at the corporate office and as one who was authorized to accept service of process. The court finds the process server’s testimony to be credible.
It is well established that a corporation is properly served if a person who holds himself out to be a person of responsibility at the corporate office and who identifies himself as a person authorized to receive service is served. (Buckner v D & E Motors, 53 Misc 2d 382.)
Therefore, in the case at bar, service of the petition and notice of petition on a person at the corporate headquarters who identified herself as one authorized to receive service is proper, and therefore traverse is denied.
However, as to respondent’s second affirmative defense that there was no proper demand made for the rent as a predicate to the instant nonpayment proceeding, the court refers the parties to RPAPL 711, which provides that a condition precedent to a summary proceeding for nonpayment of rent is a demand for rent.
RPAPL 711 applies to commercial nonpayment actions. A summary proceeding is a creature of statute and there must be strict adherence to statutory requirement (Index Constr. Corp. v City of New York, 103 Misc 2d 16).
Petitioner argues that the lease specifically states that no demand is necessary; therefore, RPAPL 711 does not apply. In addition thereto, in the case at bar the parties concede that no demand was in fact made.
While parties may give themselves more rights by way of a lease, they cannot lessen a right given them by statute when it is against public policy to waive that right. This court finds *987 that public policy requires a demand be made, pursuant to RPAPL 711, as a condition precedent to the commencement of this summary proceeding.
Since summary proceedings are in derogation of a tenant’s common-law rights, the Legislature enacted a comprehensive scheme to ensure preservation of rights while achieving the purpose of providing an inexpensive and expeditious remedy for landlords. Moreover, because of the speed with which a landlord could retain possession of the premises in which tenants had a significant property interest, certain safeguards were required to comport with due process (950 Third Ave. Co. v Eastland Indus., 119 Misc 2d 19).
Waiver of a statutory right conferred upon a private party but affecting the public interest is impermissible, if in contravention of statutory policy (Brooklyn Bank v O’Neil, 324 US 697, 704, affg 293 NY 666; Midstate Co. v Pennsylvania R. R. Co., 320 US 356; Estro Chem. Co. v Falk, 303 NY 83, 87).
Therefore, since the RPAPL 711 rent demand requirement has not been complied with, this action is dismissed.
Respondent’s counterclaims are dismissed without prejudice to respondent’s reasserting same by way of a plenary action. As this proceeding is dismissed, the court need not address the remaining branch of the motion regarding respondent’s third affirmative defense.