OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
This commercial holdover proceeding sought the removal of the respondents from a location at which they had conducted business for over 40 years. Kings Materials employed about 50 people at its wholesale construction brick and stone yard. A hearing was conducted solely as to the issue of the stay being sought by the respondents and the court visited the premises. After listening to the testimony, and reviewing the evidence, the court rendered its decision on June 8, 1993. The court granted possession of the premises to the petitioner, but stayed the warrant of eviction for a year. The judgment was entered in this case on November 1, 1993.
While it has been stated that ”[s]tays granted should not be for an eternity” (Matter of MacLeod v Shapiro, 20 AD2d 424, 428) it has also been held that it was within the discretion of a court to stay the execution of a judgment on the disclosure of exceptional circumstances. (See, Matter of Coburn v Coburn, 109 AD2d 984.) Though open-ended stays have been disapproved (see, 64 B Venture v American Realty Co., 179 AD2d 374, 375), in Eskandar Corp. v Velis (110 Misc 2d 193), the Appellate Term, First Department, enlarged a stay for a commercial tenant to six months from the date of the judgment. In Mountbatten Equities v Tabard Press Corp. (88 Misc 2d 831, 832) a stay was modified and enlarged by the Appellate Term, First Department, to a date IVi months from the date of the judgment.
In the case at bar, the premises in question consist of a lot on which there are over three million bricks, sheetrock and other construction material. The fact that a detailed hearing was held, coupled with the court’s on-site inspection of the premises, lends credence and support to the finding of the court below that additional time was required to permit tenants to remove the material from the site and continue to conduct their business. While the hearing concluded in June of 1993, the city did not enter the judgment until November of *236 1993. The stay until June 30, 1994, is only eight months from the date of entry of the judgment. Under the particular and unusual circumstances presented, the action of the court below was not an abuse of discretion.
We also find that the cross appeal is without merit since the provisions of section 5-905 of the General Obligations Law do not apply.
Aronin, J. P., Scholnick and Patterson, JJ., concur.