OPINION OF THE COURT
Richard F. Braun, J.
This is a summary proceeding for nonpayment of rent regarding commercial premises. Petitioner moves to strike the affirmative defenses and counterclaim of respondent Lions Gate Capital Corp., amend the petition, and enter summary judgment for petitioner. Respondent moves to dismiss the petition. Petitioner’s motion should be granted in part and respondent’s motion denied.
Respondent’s first, second and third affirmative defenses all challenge the subject matter jurisdiction of this court due to an allegedly inadequate rent demand notice. Neither paragraph 28 nor 49 of the lease sustains respondent’s position because neither requires that a statutory rent demand notice be in writing (see, 340 E. 57th St. Assocs. v Coraras, NYLJ, Nov. 30, 1994, at 25, col 6 [App Term, 1st Dept]; Four Star Holding Co. v Alex Furs, 153 Misc 2d 447 [App Term, 1st Dept 1992]).
This proceeding is predicated on a written rent demand notice, pursuant to RPAPL 711 (2), allegedly served on Octo *1073 ber 26, 1994, which was also the predicate for a prior summary proceeding for nonpayment of rent between the parties hereto. The instant proceeding was commenced on November 23, 1994. The earlier proceeding was discontinued without prejudice by petitioner on November 28, 1994. The fact that this statutory rent demand notice was also the predicate for another summary proceeding for nonpayment of rent does not prevent its use as a predicate to this proceeding (see, 36-59 Main St. Assocs. v Mainnor Co., NYLJ, June 17, 1992, at 26, col 3 [Civ Ct, Queens County] [same for oral rent demand]). As this court and others have held, the rule is different for dismissed or discontinued summary holdover proceedings, for which a new predicate notice must be served (see, Jackson v Hertz, NYLJ, Aug. 19, 1992, at 23, col 3 [Civ Ct, NY County], and cases cited therein). "Upon dismissal of a holdover proceeding, a respondent is entitled to a certain peace of mind that an eviction is no longer pending.” (Mau v Stapleton, 136 Misc 2d 793 [Civ Ct, Kings County 1987].) If a landlord intends to proceed to a second holdover proceeding based on a termination of a tenancy, the tenant should be notified of such intention through service of a new notice to cure and/or termination notice. However, if a summary proceeding for nonpayment of rent is discontinued without prejudice, as here, or dismissed without prejudice, unless the rent is subsequently paid by the tenant the commencement of a subsequent proceeding should not surprise the tenant. The tenant knows that the rent is still due.
Furthermore, the rent demand notice is valid for the instant proceeding because both proceedings were pending predicated by the rent demand notice at the time when the earlier proceeding was discontinued without prejudice, and the second proceeding had been brought within a reasonable time after the rent demand notice was served (cf, Arol Dev. Corp. v Goodie Brand Packing Corp., 84 Misc 2d 493, 495-496 [App Term, 1st Dept], affg 83 Misc 2d 477 [Civ Ct, Bronx County 1975] [same rule for a summary holdover proceeding]). Thus, the written rent demand notice for this proceeding is proper, and respondent’s first, second, and third affirmative defenses must be dismissed.
Respondent’s fourth affirmative defense is failure to state a cause of action. Because respondent does not elaborate upon this defense which is stated in a conclusory fashion (Rich v Lefkovits, 56 NY2d 276 [1982]), and because all of respondent’s other affirmative defenses are being dismissed, *1074 the defense has to be dismissed (Raine v Allied Artists Prods., 63 AD2d 914, 915 [1st Dept 1978]).
Respondent’s fifth affirmative defense and the counterclaim are based on the alleged failure of petitioner to provide repairs and services. Respondent does not allege that it has given up possession of the subject premises, and thus the Appellate Division, First Department, has barred this defense and counterclaim (Towers Org. v Glockhurst Corp., 160 AD2d 597, 599 [1990]). Furthermore, the lease between petitioner and respondent prohibits the counterclaim, which is not intertwined with the petition unless there is an allegation that respondent had to abandon possession of the premises, and thus the lease provision is enforceable (308 Hotel Corp. v Cafe Comedy, NYLJ, June 4, 1992, at 24, col 2 [Civ Ct, NY County], and cases cited therein). Therefore, the fifth affirmative defense and the counterclaim must be stricken.
The branch of petitioner’s motion seeking summary judgment must be denied, as petitioner does not prove various elements of its prima facie case. Petitioner’s request to amend its petition to add rents that have become due after the petition was served must also be denied, without prejudice to renewal upon proper papers or at trial. The Appellate Term, First Department, has held that such a request must be predicated upon an additional demand for the subsequently accruing rent (1587 Broadway Rest. Corp. v Magic Pyramid, NYLJ, Dec. 19, 1979, at 10, col 2; cf, C.F. Monroe, Inc. v Nemeth, NYLJ, Oct. 25, 1994, at 25, col 1 [App Term, 1st Dept] [where an amendment to add rents through the date of trial was allowed, but the court did not state whether a rent demand had been made for those rents]). In addition, petitioner did not support its motion with a proposed amended petition, as required (Goldner Trucking Corp. v Stoll Packing Corp., 12 AD2d 639 [2d Dept 1960]; Hoisting Mach. Co. v Elderfields Reservation, 195 App Div 893 [1st Dept 1921]; Plitt v Illinois Sur. Co., 165 App Div 973 [1st Dept 1914]).