*406 OPINION OF THE COURT
Arlene P. Bluth, J.
Petitioner served a rent demand on January 24, 2011 for rent due through January 2011. Respondent did not pay the amount demanded. Petitioner commenced this nonpayment proceeding in February 2011 and added February’s unpaid rent to the amount sought in the petition. Respondent now moves to dismiss, asserting that the petition is fatally defective because petitioner sued for February rent, which was never demanded.* Petitioner opposes the motion but has not cross-moved for any relief.
Including in the petition rent that came due after the demand was made is an extraordinarily common practice employed by petitioners in this courthouse, especially when the petition is brought in the very next month, as it was here. Including all rent due as of the date the petition is verified is efficient, as it brings the parties to court with the current amount then due. The additional month of rent sought cannot be a surprise to the tenant, who must know that the next month’s rent came due but was not paid. However, respondent argues that this common practice, even if it is more efficient and even if there is no surprise, still is not legally permissible. Rather, respondent argues, the correct procedure is to sue for the amount demanded and then to move to amend the petition to include subsequently accruing rent.
RPAPL 711 (2) provides that a summary proceeding may be brought when “[t]he tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a demand of the rent has been made.” A jurisdictional-prerequisite to the bringing of a nonpayment petition is demanding the rent. (Severin v Rouse, 134 Misc 2d 940 [Civ Ct, NY County 1987].) A landlord cannot sue for rent that was not demanded, and part of the landlord’s prima facie case consists of proving that the rent sued for was properly demanded. (Solack Estates v Goodman, 102 Misc 2d 504 [App Term, 1st Dept 1979].)
It has long been the law that an ordinary rent bill, delivered in the normal course of business, does not satisfy the require *407 ments of a rent demand. (Zinsser v Herrman, 23 Misc 645 [App Term 1898].) Even assuming that the instant tenant received the rent bill for February, that does not constitute a demand for rent under the statute. Here, the simple — and uncontested— fact is that although the February 2011 rent was never demanded, the landlord still sued for it.
In opposition to the motion, petitioner has cited cases supporting the proposition that the petition could be amended at trial to include all rents then due. For example, petitioner relies on Solow v Wellner (142 Misc 2d 383, 384 [Civ Ct, NY County 1989]), which notes, “[i]n the typical landlord/tenant summary proceeding the landlord will request amendment of the dispossess petition on the day of trial to reflect the current rent allegedly due and owing.” This court agrees with petitioner; the motion to amend the pleadings to conform to the proof should certainly be granted at the trial. But petitioner misses the point: now is not the time of trial, and the petitioner has not made any application to amend the petition. Rather, the issue at bar is whether the petition is fatally defective because the petitioner, in attempting to bypass the requirement of moving to amend, unilaterally sued for the February rent that was never demanded.
In denying, without prejudice to renew at trial, that part of a petitioner’s motion to amend the petition to include subsequently accruing rent, the court stated in 501 Seventh Ave. Assoc. v 501 Seventh Ave. Bake Corp. (2002 NY Slip Op 50362[U], *6 [Civ Ct, NY County 2002]):
“The Appellate Term, First Department has held that a petitioner is entitled to amend its petition to include rents that have accrued subsequent to service of the original petition only if the request is predicated upon an additional demand for the subsequently accruing rent. (See 1587 Broadway Rest. Corp. v. Magic Pyramid, NYLJ, Dec. 19, 1979, at 10, col 2. See also Trinity Center, LLC v. Laidlaw Capital Management Inc., NYLJ, June 19, 2002, at 18, col. 6; Walsam Fifth Avenue Development Co. v. Lions Gate Capital Corp., 163 Misc.2d 1071, 623 N.Y.S.2d 94 [NY Civ Ct 1995]). A request to amend a petition to add rents that have accrued after service of the petition must be denied with the ability to renew upon service of the proper papers or at trial. (Walsam, 163 Misc.2d at 1074, 623 N.Y.S.2d 94).”
*408 Understandably, appellate case law on this issue is scant; if a landlord’s nonpayment petition is dismissed at the trial level, it is much more efficient for her to start a new proceeding than to take an appeal. This issue did reach the appellate court, however, in 1587 Broadway Rest. Corp. v Magic Pyramid (NYLJ, Dec. 19, 1979, at 10, col 2), and the Appellate Term in this Department made clear that an additional demand is necessary in order to amend the petition to include rent accrued since the original demand was made. In that case, the landlord demanded and sued for August rent. The court held: “the Court below did not improperly deny landlord’s application to amend its petition to include a claim for September and October rent, insofar as the record does not establish the requisite demand by the landlord for such additional rent.”
Here, by unilaterally including the February rent in the petition, petitioner has attempted to circumvent the requirement of first demanding that rent. This shortcut, although common, is improper. Because the petition seeks rent that was never demanded, respondent’s motion is granted, and the petition is dismissed.

 Respondent also moves to dismiss on the alternate ground that the invoice annexed to the rent demand contains unexplained charges. The court denies the motion on that ground and finds that the allegedly unexplained charges account for less than 1% of the total amount due, and that the demand fulfills the requirement of a good faith demand for rent through January.