OPINION OF THE COURT
Peter H. Moulton, J.
After presenting its prima facie case in this commercial nonpayment proceeding petitioner moved to conform its pleading to the proof adduced at trial and then rested. The primary purpose of the motion to conform was to seek rent that has accrued since service of the predicate notice.
Respondent opposed the motion to conform and moved to dismiss the petition. The parties submitted letter briefs on these issues. The court now grants respondent’s motion to dismiss on the basis of the defective rent demand.
A. Amendment of the Petition
Respondent first argues that petitioner must make an updated demand for any rent and additional rent that has accrued since the predicate notice before it can seek to amend the petition at trial. According to respondent, petitioner is limited to a claim for the rent sought in the predicate notice because petitioner never demanded any additional rent while this proceeding was pending.
Respondent relies on 1587 Broadway Rest. Corp. v Magic Pyramid (NYLJ, Dec. 19, 1979, at 10, col 2 [App Term, First Dept]) and subsequent decisions that have invoked that case.
*771 In 1587 Broadway, a commercial nonpayment proceeding, the trial court denied the petitioner’s motion to amend the petition to include rent that accrued after service of the predicate notice. The court held:
“The Court below did not improperly deny landlord’s application to amend its petition to include a claim for September and October rent, insofar as the record does not establish the requisite demand by the landlord for such additional rent. The landlord is, however, granted leave to renew its motion to so amend the petition at the time of trial, upon a proper showing of demand for the September and October rent.”
1587 Broadway concerned a pretrial motion to dismiss, and has been invoked by at least two courts that have denied similar pretrial motions to amend the petition. In Walsam Fifth Ave. Dev. Co. v Lions Gate Capital Corp. (163 Misc 2d 1071, 1074 [1995]) the Civil Court denied the petitioner’s pretrial motion to amend the petition “without prejudice to renewal upon proper papers or at trial.” The court reached the same conclusion in denying a motion to amend in 501 Seventh Ave. Assoc. v 501 Seventh Ave. Bake Corp. (2002 NY Slip Op 50362[U] [2002]). Both lower courts noted the Appellate Term’s requirement in 1587 Broadway that “a petitioner is entitled to amend its petition to include rents that have accrued subsequent to service of the original petition only if the request is predicated upon an additional demand for the subsequently accruing rent.” {Id. at *6.)
The court in RCPI Landmark v Chasm Lake Mgt. Servs., LLC (32 Misc 3d 405 [2011]) was faced with a slightly different issue. There the court granted respondent’s motion to dismiss because the original petition sought more rent than was sought in the predicate notice. The predicate notice sought all rent due through January 2011. The petition added February 2011 rent. The court dismissed the petition on that ground, relying on 1587 Broadway and the other cases cited above. Again the court found that the Appellate Term “made clear that an additional [rent] demand is necessary in order to amend the petition to include rent accrued since the original demand was made.” {Id. at 408.)
None of the decisions discussed above concern a motion to conform the pleadings to the evidence at trial. Indeed, the court in RCPI assumes that a motion made at the time of trial would *772 be on different footing. (RCPI at 407.) The only case cited by respondent in support of its instant motion to dismiss is the unpublished decision in Brown v Tribro Assoc. LLC (Civ Ct, NY County, Jan. 27, 2012, index No. 80081/11). That court severed, without prejudice, any claim for rent sought post predicate demand. The money judgment in that case was for the amount sought in the predicate demand and petition. Again, the only appellate authority cited by the court was 1587 Broadway.
The result in Brown, and the dicta in the other cases discussed above, is understandable given the expansive language quoted above from 1587 Broadway. That decision appears to provide that an updated rent demand is a necessary predicate before a petitioner may amend a petition to seek rent that has accrued since the date of the original predicate notice. The Appellate Term did not limit its holding to the procedural frame before it, a pretrial motion. Instead it held that “[t]he landlord is . . . granted leave to renew its motion to so amend the petition at the time of trial, upon a proper showing of demand for the September and October rent,” i.e., rent that had accrued since the predicate demand.
This portion of the holding in 1587 Broadway is contrary to common practice in the Civil Court. In this court’s experience a landlord never submits an additional rent demand in a commercial nonpayment proceeding. Instead, the landlord moves to amend the petition at the time of trial to reflect the inevitable accrual of rent that results from the passage of time. A predicate notice is a snapshot of the rent due on a given day.*
RPAPL 711 (2) provides for “a demand of the rent” — not plural demands for rent. (Emphasis supplied.) The RPAPL makes no provision for an updated demand for rent in a nonpayment proceeding. There is also no provision in the RPAPL that provides for amendment of pleadings. Where the RPAPL is silent on procedural issues, the court looks to the CPLR. (CPLR 103 [b].) Under the CPLR a motion to amend a pleading at trial must be freely granted absent surprise or prejudice resulting from the delay. (See Ford v Martino, 281 AD2d 587 [2001].) It can be no surprise to a tenant that a landlord in a nonpayment proceeding will seek all the rent she claims is owed her up to *773 the time of trial. In the instant action, which was delayed by motion practice and a mistaken dismissal for a calendar default, the landlord continually sought use and occupancy. This is another means, if one was needed, by which respondent was put on notice that the landlord was seeking to collect rent that was allegedly accruing as time passed.
Absent clear statutory or appellate authority, this court cannot read into the RPAPL a requirement that rent demands must be updated before a petitioner may seek to amend its petition to reflect rent allegedly accrued at the time of trial. Such a requirement would graft another element onto a petitioner’s prima facie case. A host of new disputed issues would arise from a requirement for updated rent demands, for example: Is the updated demand sufficiently detailed? Was the updated demand properly served? How many days after the updated demand was served may a petitioner seek to amend the petition?
Accordingly, the motion to amend the petition to conform to the proof at trial is granted. Respondent of course retains any argument that undercuts the weight of the evidence offered by petitioner concerning the rent due, and it retains all its affirmative defenses.
B. Good Faith Basis for Rent Demanded
Respondent’s second argument is that the amount of rent and additional rent set forth in the predicate notice was not a good faith estimate of the amount of rent due at the time the predicate notice was served.
The notice is dated September 1, 2010. It states that respondent owes tenant $105,552.10, which it breaks down under two columns. The first column lists base rent by month from “JAN10” to “SEP10” (January-September 2010). The second column sets forth eight items apparently as additional rent. The first entry, for September 2010, is for legal fees in the amount of $1,000. There are also three entries denominated “electrical meter” which total $6,765.72. There are two entries denominated “Real Estate Tax Esc” at $8,950.48 and $7,620.47 respectively, and one entry denominated “RE Tax one time chrg” at $11,645.41. These three entries total $28,216.36. Finally there is a “late charge” entry of $450.
Respondent argues that testimony offered on petitioner’s prima facie case demonstrates that the calculation of additional rent was not a “good faith approximation” of amounts due, and that roughly one third of the rent demand of $105,552.10 was comprised of amounts that petitioner knew were unauthorized.
*774 With respect to the real estate tax escalation amount, respondent points to the testimony of Harris Bornstein, the CFO of Douglas Elliman, the building’s managing agent. Mr. Bornstein admitted on cross-examination that the real estate tax escalation letters sent to respondent, entered as exhibits 6-10, were incorrectly calculated in that they stated that the base year of real estate tax was stated as “zero.” In fact the base year as provided in the lease is 2005-2006. Bornstein admitted that the calculations of the real estate tax escalations due from respondent were erroneous, and the correct base for the escalation is $1,086,633. Petitioner’s own ledger, received in evidence as petitioner’s exhibit 5, shows that one of the real estate tax escalation charges, the March 2010 charge of $8,950.48, was credited back to the respondent. The other two real estate tax escalation charges are not credited back on the ledger, but Born-stein’s testimony demonstrates that these two charges were erroneously calculated due to the same mistake, the mistake of valuing the base year as “zero.”
Respondent also asserts that the testimony of petitioner’s witness Sabrina Bowman demonstrates that the electrical component of the rent demand was incorrectly calculated. Ms. Bowman, who works for petitioner’s managing agent, testified that respondent paid its electrical bills. This testimony is bolstered by exhibit 5, the landlord’s rent ledger, which reflects three payments by respondent matching the amounts sought in the rent demand for electrical charges. The last of these payments was posted on April 9, 2010, well before the rent demand. The three payments total $6,765.72. The demand for attorneys’ fee in the rent demand, for $1,000, has been severed by petitioner to await the outcome of the trial. The court cannot ascertain whether the late fee demand of $450 is barred by the lease.
The erroneous real estate tax escalation and electrical charges sought in the rent demand total $34,982.08. Therefore, 33% of the rent and additional rent sought in the rent demand was incorrectly calculated. Petitioner’s own rent ledger and the testimony of employees of its managing agent indicate that these incorrect components of the rent demand could have been ascertained by the petitioner prior to its service of the predicate notice. The court finds that this calculation of the rent owed was thus not a “good faith estimation” and substantially overstated the amount of rent due at the time of the predicate notice.
*775 One purpose of the rent demand required by RPAPL 711 (2) is to afford a tenant the opportunity to avoid litigation by paying the amount due. Accordingly, the sum demanded in the predicate notice needs to be a good faith approximation of the rent that a tenant would have to pay to prevent litigation. (E.g. 2229 Creston Partners LLC v Ramos, 31 Misc 3d 1221 [A], 2011 NY Slip Op 50791[U] [2011]; 545 W. Co. v Schachter, 16 Misc 3d 431 [2007].) Courts have found that discrepancies between a rent ledger and the rent demand indicate that the latter was not prepared in good faith. (See 2110 Arthur Owners LLC v Reyes, 34 Misc 3d 1208[A], 2011 NY Slip Op 52456[U] [Civ Ct, Bronx County 2011].) Failure to demand a good faith approximation of rent renders the predicate demand defective. (See Dendy v McAlpine, 27 Misc 3d 138[A], 2010 NY Slip Op 50890[U] [App Term, 2d Dept 2010].) Predicate notices cannot be amended and a defective predicate notice requires dismissal of a summary proceeding. (See Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980].)
The authority cited above is clear. However, there are two policy arguments that could be made in opposition to dismissal.
First, respondent’s motion was made at the close of petitioner’s case. It was not included in respondent’s pre-answer motion to dismiss. It was not the subject of a motion for summary judgment. The parties engaged in extensive motion practice prior to trial but this argument was not raised by respondent. In general, arguments on threshold issues should be raised and resolved before the parties embark on lengthy and expensive litigation. However, the service of a valid predicate notice is a condition precedent for a nonpayment proceeding, and nothing in the RPAPL precludes respondents from raising the issue at trial. In Boncasa v Transcom Entertainment, Inc. (NYLJ, July 31, 1996, at 23, col 2) the court found at trial that the rent demand overstated the amount of rent due. Because a proper rent demand is a condition precedent to suit, the court dismissed the petition at the conclusion of the trial.
A second argument arises from the presence, or absence, of prejudice to respondent. It is unclear whether respondent suffered any prejudice from the defective rent demand. The focus of the parties’ dispute throughout this litigation has been whether respondent was actually or constructively evicted from a portion of its space. The parties are fighting about that issue in Civil and Supreme Court. There is no sign that respondent ever considered paying the rent demanded by petitioner because *776 respondent argues that it is entitled to a very large abatement. Moreover, the possibility of confusion arising from an inaccurate rent demand is diminished, where, as is the case here, the parties are large sophisticated business entities. Respondent could know, and provide proof to petitioner, that it had paid the electrical charges contained in the predicate notice. Respondent could know, from the real estate tax escalation letters sent to it by petitioner, that petitioner’s demand for real estate taxes were based on an incorrect premise.
The problem with this argument is that the statute and the case law make no distinction between predicate notices for residential as opposed to commercial tenants, and there is no requirement that a tenant, whether commercial or residential, be prejudiced by an improper demand. Demand of an amount more than what is actually owed, where there is no good faith approximation of the amount, renders the demand defective. (Boncasa, supra; 2229 Creston Partners LLC v Ramos, 31 Misc 3d 1221 [A], 2011 NY Slip Op 50791[U] [2011]; see IG Second Generation Partners, LP v 166 Enters. Corp., NYLJ, Aug. 5, 2003, at 18, col 1 [rent demand in holdover proceeding].) It is well established that the parties cannot waive by agreement the requirement of a predicate notice. (PAK Realty Assoc. v RE/MAX Universal, 157 Misc 2d 985 [1993].) A court may not amend a predicate notice nunc pro tunc. (2110 Arthur Owners LLC, supra.) Similarly, there is no case law that holds that a sophisticated tenant waives this requirement by failing to assert it prior to trial.
Conclusion
The motion to dismiss at the close of petitioner’s prima facie case is granted. The clerk shall enter judgment dismissing the petition without prejudice.

 C.F. Monroe, Inc. v Nemeth (NYLJ, Oct. 25, 1994, at 25, col 1) appears to acknowledge the reality of practice in Civil Court. It allows amendment of the petition at trial. However, the case does not explicitly state that there was a single predicate demand. Therefore, it does not explicitly contradict 1587 Broadway.