Ung 3 Realty, LLC v Passerine LLC (2025 NY Slip Op 25251)

[*1]

Ung 3 Realty, LLC v Passerine LLC

2025 NY Slip Op 25251

Decided on November 21, 2025

Civil Court Of The City Of New York, New York County

Greenfield, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 21, 2025
Civil Court of the City of New York, New York County

Ung 3 Realty, LLC and 
 36 EAST 20th STREET REALTY CO., LLC, Petitioners,

against
Passerine LLC, Respondent.

Index No. LT-307249-25/NY

Allison R. Greenfield, J.

Recitation, as required by CPLR 2219(a), of the papers considered in review of this motion:
Papers Numbered
Order to Show Cause / Notice of Motion 1
Affidavits/Affirmations annexed 2
Answering Affidavits/Affirmations 3
Reply Affidavits/Affirmations
Memoranda of Law 4
Other 5
Upon the foregoing cited papers, petitioners' motion for summary judgment is denied, and the Court grants summary judgment to respondent for the following reasons:
Petitioners commenced the instant commercial nonpayment proceeding on April 29, 2024, seeking to recover a judgment of possession and rental arrears with interest from September 1, 2023.
Petitioners are the landlords and owners of the building known as and located at 36 East 20th Street, New York, New York 10003 (ground floor and basement) (the "Premises"). Pursuant to a lease agreement dated June 30, 2024 [FN1]
, petitioners and non-party, Eleven Belinda LLC, executed an agreement wherein Eleven Belinda LLC assigned its lease of the Premises to respondent PASSERINE LLC. See NYSCEF Doc. No. 17. Pursuant to paragraph two of the lease, the monthly base rent for the period between July 1, 2024 and September 30, 2025 was $30,000.00 and set to increase per lease year. See id.
On April 2, 2025, petitioners served respondent with a 14-day notice, alleging rental [*2]arrears in the amount of $80,918.14 to be paid on or before April 18, 2025 "or surrender up the possession of said premises to the Landlord." NYSCEF Doc. No. 1. Respondent filed a verified answer on May 27, 2025, pleading 10 affirmative defenses, including failure to properly serve the Limited Liability Company ("LLC") respondent.
Petitioners now move for: summary judgment against respondent for its failure to pay $186,312.90 in rent and additional rent pursuant to the lease through August 31, 2025; dismissal of respondent's affirmative defenses and counterclaims; a judgment of possession; money judgment; and a warrant of eviction. Respondent opposes the motion, asserting, inter alia, that the Court does not have personal jurisdiction over it.
The crux of respondent's jurisdictional defense is that the service method permitted in landlord-tenant summary proceedings under Real Property Actions and Proceedings Law ("RPAPL") 735 § (1), the method by which petitioners served respondent, does not apply to respondent as an LLC. Rather, respondent argues, as an LLC, respondent can only be served pursuant to Article III of the Limited Liability Company Law or CPLR 311-a. The Court agrees.
Article III of the Limited Liability Company Law details the methods for service on an LLC either through the Secretary of State or upon an agent designated for receipt of service of process. Article III also specifies that "[n]othing in this section shall affect the right to serve process in any other manner permitted by law." Limited Liability Company Law § 301-A(e)(5).
CPLR 311-a provides for personal service on an LLC and states as follows:
(a) Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.
(b) If service is impracticable under subdivision (a) of this section, it may be made in such manner as the court, upon motion without notice, directs.
It is undisputed that in this case, respondent was served in accordance with RPAPL 735(1), which allows for service on a person "of suitable age and discretion who resides or is employed at the property sought to be recovered." However, RPAPL 735 provides for service upon a "natural person" or a "corporation, joint-stock, or other unincorporated association." The statute is silent as to LLCs. This is not a surprising discovery, as RPAPL 735 was enacted in 1962 and last amended in 1980, and LLCs were not created by the New York State Legislature until 1994.
Petitioners argue that, notwithstanding the fact that LLCs are not mentioned in RPAPL 735, service upon them is permissible under the general leave and mail provision of RPAPL 735(1), which petitioners assert applies to all entities, including LLCs, even if LLCs were not expressly listed among the types of entities covered by the service provision.
Respondent argues that service on an LLC must be made according to a provision that specifically provides for service on an LLC, such as CPLR 311-a or Article III of the Limited Liability Company Law.
There is a dearth of caselaw on the issue of whether an LLC may be properly served pursuant to RPAPL 735. This Court was able to locate only one case directly on point, which is not binding upon this Court, and to which petitioners cite: 2505 Victory Blvd., LLC v Victory Holding, LLC, 18 Misc 3d 279 (Civ Ct, Richmond County 2007, Straniere, J.). In Victory Blvd, the Hon. Philip S. Straniere, while noting that the issue was one of first impression, surmised that it was "likely" that "the legislature just failed to check all of the statutes which would be implicated by the creation of a new legal entity such as an LLC." Id. at 284. Judge Straniere then opined that the legislature would not have intended to specifically eliminate LLCs from the service provision of RPAPL 735 and ultimately concluded that LLCs may be served pursuant to RPAPL 735. Id. at 286.
This Court agrees with Judge Straniere that the failure to include LLCs in RPAPL 735 was most likely an oversight by the legislature. Indeed, it seems unlikely that the legislature purposely intended for corporations and unincorporated associations to be subject to the more relaxed service methods permitted in RPAPL 735(1) for the commencement of summary proceedings, but that LLCs be afforded some greater procedural protections than these other legal forms.
However, this Court is without power to remedy the oversights of the legislature, as "[a]bsent clear or statutory or appellate authority, this court cannot read into the RPAPL a requirement" that is not there. JDM Washington St., LLC v 90 Washington Rest. Assoc., LLC, 36 Misc 3d 769, 773 (Civ Ct, New York County 2012, Moulton, J.) (further holding "[w]here the RPAPL is silent on procedural issues, the court looks to the CPLR") (citation omitted). This is particularly true in a summary proceeding, as a "summary proceeding is a special proceeding governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction." MSG Pomp Corp. v Doe, 185 AD2d 798, 799-800 (1st Dept 1992) (internal quotation marks and citations omitted).
"'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature.' The starting point is always to look to the language itself and "where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning.'" State v Patricia II, 6 NY3d 160, 162 (2006) (citation omitted). "Courts 'cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the legislature did not see fit to enact.'" People v Corr, 42 NY3d 668, 673 (2024) (citation omitted).
An LLC is defined as "an unincorporated organization of one or more persons having limited liability for the contractual obligations and other liabilities of the business . . . other than a partnership or trust, formed and existing under this chapter and the laws of this state." Limited Liability Company Law § 102(m). This is distinctly unique from a "natural person" or "corporation, joint-stock, or other unincorporated association" as provided for in RPAPL 735.
Moreover, the legislature clearly could not have intended to include LLCs in RPAPL 735 at the time it was enacted, or when it was last modified, as LLCs did not exist as an entity in New York State at those times. When the legislature created LLCs in 1994, it created specific provisions for service on such LLCs, but failed to amend or modify RPAPL 735 to allow for service of process on LLCs pursuant to that statute. "Regardless of whether the omission . . . was intentional . . . 'we must read statutes as they are written.'" People v Page, 35 NY3d 199, 207-08 [*3](2020) (declining to construe statute as including more positions than those Legislature has listed therein) (citations omitted), cert denied 141 S Ct 601 (2020); Makhani v Kiesel, 211 AD3d 132, 142-43 (1st Dept 2022) ("We cannot expand the plain meaning of the text of [the statute] to force the law to say something that it does not. Similarly, we cannot expand the statute to cover something that the legislature could have easily expressed had it intended to do so") (citations omitted).
Accordingly, this Court cannot modify the statute to provide for service upon an LLC. Absent appellate authority, this Court can only call upon the legislature to review the issue and, if it deems appropriate, make a suitable amendment. Lamie v U.S. Trustee, 540 US 526, 542 (2004) ("If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. 'It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result.') (citation omitted).
Moreover, the Court notes that this ruling does not leave commercial landlords without a remedy. They may properly serve an LLC, pursuant to CPLR 311-a, by serving a member or manager, or they may serve the LLC through the Secretary of State, which creates a nearly irrebuttable presumption of proper service. See e.g., Hyman v 400 W. 152nd St. Hous. Dev. Fund Corp., 159 AD3d 606, 607 (1st Dept 2018) ("Defendant's mere denial of service is insufficient to rebut the presumption of proper service created by the affidavit of service reflecting service through the Secretary of State") (citation omitted); Fisher v Lewis Constr. NYC Inc., 179 AD3d 407, 408 (1st Dept 2020) ("Service of process was complete when plaintiff served the Secretary of State . . . and defendant's excuse that its registered address . . . was not a reliable mail drop [] is unavailing") (citations omitted); In re Unsafe Bldg. and Structure No. 1184-1194 Riv. Ave., 268 AD2d 309, 310 (1st Dept 2000) ("jurisdiction over [defendant] was properly obtained by service upon the Secretary of State . . . which contains no diligent search requirement") (citation omitted).
As the Court finds the service upon respondent was improper, the Court has no personal jurisdiction over respondent. As this issue has been fully briefed by the parties, the Court exercises its discretion, pursuant to CPLR 3212(b), to search the record and grant summary judgment to respondent, the non-moving party. See e.g. A.C. Transp., Inc. v Bd. of Educ. of City of New York, 253 AD2d 330, 338 (1st Dept 1999) ("It is well settled that, in deciding the propriety of a summary judgment motion, a court (even an appellate court) may search the record and grant summary judgment to the nonmoving party on any related claim") (citations omitted), lv denied 93 NY2d 808 (1999); 534 Flatbush Holdings, LLC v Solaris Properties, LLC, 234 AD3d 732, 734 (2d Dept 2025) ("although the plaintiffs did not move for summary judgment, the Supreme Court had the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court") (citations omitted).
Accordingly, it is hereby
ORDERED that petitioners' motion for summary judgment is denied; and it is further
ORDERED that the Court searches the record, pursuant to CPLR 3212(b), and grants summary judgment to respondent, dismissing the petition for improper service upon respondent.
This constitutes the decision and order of the Court.
DATE November 21, 2025
HON. ALLISON R. GREENFIELD

Footnotes

Footnote 1:The Court notes that the lease agreement has been amended three times. See NYSCEF Doc. Nos. 15-17.